UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAREN NOLAN, et al.,

Plaintiffs,

v.

COLUMBUS LIFE INSURANCE
COMPANY, et al.,

Defendants.

Case No. 26-cv-00424-NC

**ORDER TO SHOW CAUSE
WHY CASE SHOULD NOT BE
REMANDED TO STATE
COURT FOR LACK OF
SUBJECT MATTER
JURISDICTION**

Re: ECF 1

Defendant Columbus Life Insurance Company removed this case to this Court from Santa Cruz County Superior Court on January 15, 2026. ECF 1. This Order requires Columbus Life to "show cause" by filing a written response by February 10, 2026, explaining why this case should not be remanded back to state court of lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a).

Columbus Life alleges that there is complete diversity of citizenship because "Plaintiffs Ernestine Anderson, Lowell Anderson, and Rebecca Bergstrom were residents

United States District Court
Northern District of California

of Santa Cruz, State of California," "Plaintiff Susan Mullins was a resident of Durham, North Carolina," Defendant Columbus Life is a corporation organized under the laws of Ohio with its principal place of business in Ohio, "Defendant Daniel G. Anstett, Jr., d/b/a Anstett Financial is a resident of San Jose, County of Santa Clara, California," and Defendant Burgess Group, Inc. is a corporation organized under the laws of Utah with its principal place of business in Utah. ECF 1 ¶¶ 20–24. Even if Columbus Life is able to persuasively argue that simply being a *past* resident of a state equates to being a citizen of that state, Columbus still fails to plead diversity jurisdiction. *Cf. District of Columbia v. Murphy,* 314 U.S. 441, 455 (1941) (emphasis added) ("The place where a man *lives* is properly taken to be his domicile until facts adduced establish the contrary"). This is because Plaintiffs E. Anderson, L. Anderson, and Bergstrom, and Defendant Anstett are allegedly citizens of the same state—California. Therefore, each plaintiff is not a citizen of a different state than each of the defendants, and diversity jurisdiction is destroyed. *See* 28 U.S.C. § 1332(a)(1). It is irrelevant that Anstett has not been served. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). Thus, Columbus Life has not sufficiently alleged complete diversity.

The Court finds that Columbus Life provided sufficient information to establish that the amount in controversy threshold is satisfied. ECF 1 ¶ 30.

In conclusion, Columbus Life has not established that federal subject matter jurisdiction is satisfied because it did not establish complete diversity. Accordingly, Columbus Life must show cause in writing by February 10, 2026, why this case should not be remanded back to state court for lack of subject matter jurisdiction. Plaintiffs may respond by February 17, 2026.

Defendants are cautioned that an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

2

**IT IS SO ORDERED.**

Dated: January 27, 2026

_____

NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California